UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MINDEN PICTURES, INC.,**

    Plaintiff,

v.

    Case No. 20-12542
    Honorable Denise Page Hood

**CONVERSATION PRINTS, LLC,
CRAZY COOL BUYS, LLC, AND
FRANCIS KASHAT,**

    Defendants.
_____/

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**I.    BACKGROUND**

This matter is before the Court on Plaintiff Minden Pictures, Inc.'s Motion for Default Judgment against Defendants Conversation Prints, LLC, Crazy Cool Buys, LLC, and Francis Kashat. (ECF No. 22) On September 16, 2020, Plaintiff filed a Complaint, amended on October 19, 2021, against Defendants seeking injunctive relief and damages for copyright infringement under the Copyright Act, 17 U.S.C. § 501. (ECF Nos. 1, 7) Plaintiff is known for wildlife and nature stock photos and feature stories, and has registered certain (six) Works (attached as Exhibit 1 to the Amended Complaint) pursuant to 17 U.S.C. § 411(a). Defendants copied, displayed and distributed the Works without Plaintiff's authorization. Plaintiff sent Notices to

Defendants on February 7, 2020 and March 27, 2020 regarding the infringement, but Defendants have failed to respond to date. Plaintiff claims it has suffered damages and irreparable harm due to Defendants' willful acts.

No Answer has been filed on behalf of any of the Defendants. Plaintiff sought for and received entries of default entered by the Clerk against all three Defendants on January 24, 2022. (ECF Nos. 19, 20, 21) Plaintiff filed the instant Motion for Default Judgment on February 9, 2022. As to damages, Plaintiff submitted the Declarations of Catherine Converse and Joseph A. Dunne, along with supporting documents to support the statutory damages requested in the amount of $400,000 and attorney fees of $8,307.50 and costs of $774.91. Plaintiff also sought a permanent injunction under the Copyright Act enjoining Defendants, their officers, agents, etc., from infringing Plaintiff's Works.

A hearing date was set for Plaintiff's Motion for Default Judgment on April 5, 2022. Plaintiff served Defendants the Notice of Video Conference Hearing, along with the Motion for Default Judgment on March 14, 2022. (ECF No. 28, Certificate of Service). Until April 1, 2022, a few days before the Motion for Default Judgment hearing date, Dalen P. Hanna filed an appearance on behalf of Defendants. At the hearing on Plaintiff's Motion for Default Judgment, Lina Asmar, counsel for Defendants appeared, who at that time, had yet to file an appearance on behalf of

2

Defendants.  The Court allowed defense counsel to make a statement and continued the Motion for Default Judgment hearing to April 26, 2022, permitting Defendants to file a response to the Plaintiff's Motion for Default Judgment.

## II. ANALYSIS

### A. Setting Aside Entries of Default

Defendants in their response to Plaintiff's Motion for Default Judgment argue that the Court should deny Plaintiff's Motion for Default Judgment and set aside the entries of default because the alleged claim for copyright infringement was filed outside of the Copyright Act's three-year statute of limitations. Defendants argue that the Original Complaint was "noticeably silent" regarding the date when Plaintiff discovered the existence of the photographs. Defendants note that Plaintiff merely states, "in conclusory fashion," that Plaintiff discovered each of the infringement claims in 2018.

Defendants further argue that Plaintiff does not provide in its Motion for Entry of Default Judgment an explanation as what diligent activity was undertaken to discover the alleged infringement and why it took over six years to purportedly discover the alleged infringement when Plaintiff was already clearly on the lookout for infringements. Defendants assert that publicly available facts show that Plaintiff was on inquiry notice regarding the photographs at issue.

3

Defendants also argue that the requested damages should be pared back because Plaintiff's allegations are insufficient to establish willfulness. Defendants claim that the Demand Letter dated February 7, 2020 sent by Plaintiff to Defendants did not include a notice of copyright claim and did not identify the author.

As to Plaintiff's request for statutory damages or attorney's fees, Defendants argue that Plaintiff failed to register each image with the U.S. Copyright Office either before the alleged infringement occurred, or, if after, within three months of the first publication of the photograph as required under 17 U.S.C. § 412.

Defendants assert that the default delay was caused by a good-faith mistake, claiming that Defendants were under the impression that a settlement had been reached with Plaintiff. Defendants claim they removed six photographs out of the eight photographs from the website. Defendants further claim they have taken appropriate steps since they received Plaintiff's Demand Letter and have not re-used the photographs since that time.

Plaintiff responds that there is no general duty for copyright owners to police their copyrights, citing, among others, *Hirsch v. Rehs Galleries, Inc.*, 2020 U.S. Dist. LEXIS 32926,at *5 (S.D.N.Y. Feb. 26, 2020) ("A copyright holder does not have a general duty to "police the internet to discover [a defendant's] use of his [p]hotograph[s]."); *PK Music Performance, Inc. v. Timberlake*, 2018 U.S. Dist.

4

LEXIS 169652, 2018 WL 4759737, at *8 ("Defendants' argument that the popularity and success of the Album, DVD, Tour, and HBO Special gave rise to constructive or inquiry notice of Plaintiff's claims is unpersuasive. Nothing in the record before me suggests that Damn Girl was ever played on the radio, and even if it was, that Plaintiff had the opportunity to hear it. Moreover, **copyright owners do not have a general duty to police their copyrights**.")(emphasis added). Plaintiff further argues that a claim for copyright infringement can accrue more than once because each infringement is a distinct harm.

Plaintiff argues that Defendants' default was willful. Plaintiff claims that Defendants ignored the dispute for over two years, the pre-suit letters and the service of the Complaints. Plaintiff further claims that the self-serving attorney statement that Defendants believed the dispute was settled when they removed the images, is belied by all the notices/letters Plaintiff had sent to Defendants after the removal. Plaintiff asserts that Defendants cannot now reasonably claim a good-faith belief that the dispute was resolved in 2019.

Plaintiff further argues it is prejudiced by the years of delay. Plaintiff claims that any discovery regarding Defendants's sourcing of the images, how they determined copyright status and if they attempted to obtain permissions to use the images increased difficulties to obtain such discovery through the years. Setting aside

the default will allow Defendants to benefit from their years-long delay in this matter asserts Plaintiff.

Plaintiff revised its request for damages award to $350,000 (or alternatively, no less than $175,000) for statutory damages for defendants' willful copyright infringement os seven works; actual damages on the single image of $5,000; costs and fees in the amount of $9,082.41 (costs of $774.92 and attorney fees of $8,307.50); and to permanently enjoin Defendants from infringing activities.

Rule 55(c) of the Rules of Civil Procedure states that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 55(c) leaves to the discretion of the trial judge the decision whether to set aside an entry of default. *Shepard Claims Service v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986). Three factors must be determined to set aside a default under Rule 55(c): 1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether culpable conduct of the defendant led to the default. *Id*. at 192. All three factors must be considered in ruling on a motion to set aside entry of default. *Id.* at 194. However, when the first two factors militate in favor of setting aside the entry of default, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of a wilful failure of the moving party to appear and plead. *Id.* In a Rule 55(c) motion to

set aside entry of default, the "good cause" standard is applied and it is not absolutely necessary that the neglect or oversight be excusable as a reason for the delay. To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings. *Id.*

Addressing the prejudice factor, Plaintiff claims that it is prejudiced because of the years-long delay since it will be difficult to obtain discovery regarding Defendants's sourcing of the images, how they determined copyright status and if they attempted to obtain permissions to use the images. While it is true that years-long delay increases the difficulties in obtaining discovery because of fading memories, attempts to hide discovery, etc., discovery may still produce certain information. However, in this instance, it appears that Plaintiff has sent several notices/letters to Defendants who never responded to any of the notices/letters, other than taking down some of the images from the website. Defendants have ignored Plaintiff pre-suit notices and post-filing service of the suit, which may indicate less confidence that Defendants will cooperate in any discovery requests by Plaintiff.

Regarding the factor of whether Defendants have a meritorious defense, Defendants raise the statute of limitations defense claiming that the time to file a suit against them have passed since the images were on the internet for years and Plaintiff

7

should have searched the internet throughout the years to determine if the images were used in violation of Plaintiff's copyright. In response, Plaintiff submits cases that it has no general duty to police its own works on the internet as noted above.

"Under the Copyright Act, a claim for copyright infringement or ownership has a three-year statute of limitations." *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 389 (6th Cir. 2007)(citing 17 U.S.C. § 507(9b)). Claims for infringement and ownership are subject to different accrual standards. "A copyright-infringement claim 'accrues when a plaintiff knows of the potential violation or is chargeable with such knowledge.'" *Id.* at 390 (quoting *Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 621 (6th Cir. 2004)). This is generally known as the "discovery rule." See, e.g., *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014). As noted, "[a] copyright-infringement claim accrues when a plaintiff knows of the potential violation or is chargeable with such knowledge." *Roger Miller Music, Inc.*, 477 F.3d 383 at 390. However, "each new infringing act causes a new three year statutory period to begin." *Id.* Courts have held that a copyright holders have no duty to scour the internet if anyone is using photographs without consent. See, *Masi v. Moguldom Media Group LLC*, 2019 WL 3287819 at *5 (S.D.N.Y. Jul. 22, 2019); *Fioranelli v. CBS Broadcasting, Inc.,* 551 F. Supp. 3d 199, 251 (S.D.N.Y. 2021).

Based on Plaintiff's notices and screen shots of the alleged infringement by Defendants attached to the Complaint, the infringement occurred on November 18, 2019. (ECF No. 1, PageID.24-.43) The attached exhibits are sufficient to show that filing the Complaint on September 16, 2020 was timely under the cases noted above. Copyright holders do not have a general duty to scour or police the internet to determine if their work has been infringed. The discovery rule has been met by Plaintiff since it discovered the infringement in 2019. In addition, each new infringing act causes a new three year statutory period to begin. Defendants have not sufficiently shown they have a meritorious defense based on the statute of limitations.

The third factor–whether culpable conduct of the defendant led to the default– the Court finds that Plaintiff has sufficiently shown that it contacted Defendants pre- and post-suit about the alleged infringement and the filing of a case if no resolution occurred. Defendants ignored the various notices and letters, and ignored the service of the Complaint. It was only after the Court directed Plaintiff to serve a copy of the Zoom notice on Plaintiff's Motion for Entry of Default Judgment to Defendants that Defendants responded by appearing at the Zoom hearing. Defendants have not carried their burden to show why their action did not lead to the default. Defendants' excuse that they believed the matter was settled when they took down the images from the website is not credible based on Plaintiff's March 27, 2020 letter sent to Defendants

9

acknowledging that the webpage showed that the infringement was removed, but that the removal did not dispose of Plaintiff's claim. (ECF No. 1, PageID.87) In addition, after the lawsuit was filed, Defendants ignored service of the Complaint. Defendants' actions or inactions led to the entry of default in this case.

Weighing the factors the Court is to consider in setting aside an entry of default, Defendants have not met their burden. The Court denies Defendants' request to set aside the entries of default against Defendants.

### B.  Entry of Default Judgment

The entry of default under Fed. R. Civ. P. 55(a) is the first procedural step necessary in obtaining a default judgment. *Shepard Claims Serv., Inc. v. William Darrah & Associates,* 796 F.2d 190, 193 (6th Cir. 1986). Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Rule 55(b)(2) states that a party must apply to the Court for a default judgment. The Court may conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

Plaintiff has submitted the Declarations of Catherine Converse and Joseph A. Dunne, along with supporting documents to support the statutory damages requested,

originally in the amount of $400,000 and attorney fees of $8,307.50 and costs of $774.91. Plaintiff now seeks an award of $350,000 (or alternatively, no less than $175,000) for statutory damages for defendants' willful copyright infringement os seven works; actual damages on the single image of $5,000; costs and fees in the amount of $9,082.41 (costs of $774.92 and attorney fees of $8,307.50); and to permanently enjoin Defendants from infringing activities. Plaintiff properly supported its requests for damages, costs and fees.

### III.   CONCLUSION/ORDER

The Court, having reviewed the pleadings, Plaintiff's Motion for Default Judgment, the Declarations in Support, Defendant's brief, and being fully advised in the premises, and for good cause shown,

IT IS ORDERED that Defendant's request to set aside entries of default is DENIED and Plaintiff's Motion for Default Judgment as to all of the Defendants **(ECF No. 22)** is GRANTED.

IT IS FURTHER ORDERED that Plaintiff, MINDEN PICTURES, INC., shall recover damages from Defendants, CONVERSATION PRINTS, LLC, CRAZY COOL BUYS, LLC, AND FRANCIS KASHAT, ***joint and severally***, in the following amounts:

**DAMAGES**

**Copyright Infringement**:

1. For statutory damages for copyright infringement: **$350,000.00**

**Attorney's Fees and Costs:**

1. For reasonable attorney's fees: **$8,307.50**;

2. For costs: **$774.91**.

TOTAL RECOVERY FOR MINDEN PICTURES, INC.: **$359,082.41**.

POST JUDGMENT INTEREST, at the annual percentage rate calculated pursuant to 28 U.S.C. § 1961, IS PAYABLE on all the above amounts allowable by law from the date this judgment is entered until the date this judgment is paid.

IT IS FURTHER ORDERED that Defendants CONVERSATION PRINTS, LLC, CRAZY COOL BUYS, LLC, AND FRANCIS KASHAT, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any one or more of them, who receive actual notice by personal service or otherwise ARE HEREBY PERMANENTLY RESTRAINED AND ENJOINED from:

a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any works derived or copied from any of Plaintiff's copyrighted photographs or to participate or assist in any such activity;

and/or

      b)    directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photographs of Plaintiff.

This is a FINAL JUDGMENT.

                                              s/Denise Page Hood
                                              Denise Page Hood
                                              United States District Judge

Dated: September 30, 2022